AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District | Civ 04-3783 (GEB) |
|---|---|---|
| Name of Movant: Anthony Aliotta | Prisoner No. 38992-054 | Case No. 01-728 |
| Place of Confinement: Federal Medical Center, P.O. Box 14500, Lexington, Ky 40512 | | |

UNITED STATES OF AMERICA   V.   Anthony Aliotta
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: **United States District Court, District of New Jersey, Trenton, New Jersey**

2. Date of judgment of conviction: **Admended Judgement 10-09-02 (Sentenced 6/3/02)**

3. Length of sentence: **Forty-six (46) months**

4. Nature of offense involved (all counts):
   Count #1 - Conspiracy - 18 USC 371
   Count #2 - Mail Fraud - 18 USC 1341
   Count #3 - Wire Fraud - 18 USC 1343

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   _____
   _____

   **RECEIVED**
   AUG 09 2004
   AT 3:30 _____ M
   WILLIAM T. WALSH
   CLERK

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☐

(1)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐    No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

(2)

AO 243 (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐        No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☐        No ☐
    (2) Second petition, etc.        Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.    Ground one: __SEE ATTACHED MEMORANDUM_____

Supporting FACTS (state *briefly* without citing cases or law) _____

B.    Ground two: __SEE ATTACHED MEMORANDUM_____

Supporting FACTS (state *briefly* without citing cases or law) _____

C.    Ground three: __SEE ATTACHED MEMORANDUM_____

Supporting FACTS (state *briefly* without citing cases or law) _____

AO 243 (Rev. 2/95)

SEE ATTACHED MEMORANDUM

D.  Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

SEE ATTACHED MEMORANDUM

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing   Lorraine Gavli-Rufo, Federal Public Defender
    972 Broad St, Newark, New Jersey 07102

(b) At arraignment and plea   same as above

(c) At trial _____

(d) At sentencing _____

(5)

AO 243 (Rev. 2/95)

(e) On appeal _____Not Applicable_____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☒        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐        No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   _____

   _____

   (b) Give date and length of the above sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
       Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

August 3, 2004
       (Date)

_____
Signature of Movant [signed: Anthony Ciliotta]

(6)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Anthony Aliotta
    Defendant, Movant        Case No. 3:01-CR-728

vs.

United States of America
    Respondent

**RECEIVED**
**AUG 0 9 2004**

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION UNDER 28 USC SECTION 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

AT 3:30 _____ M
WILLIAM T. WALSH
CLERK

Comes the Defendant, Anthony Aliotta, Pro-se, and prays this Honorable Court to vacate, set aside or correct his sentence pursuant to 28 USC §2255, and in support thereof the Defendant avers as follows:

### HISTORY

On January 29, 2001 the Defendant was served an Information charging, Inter alia, Mail Fraud, Wire Fraud and Conspiracy to Commit Mail, Wire and Securities Fraud. On September 19, 2001 the Defendant executed a written plea agreeing to plead guilty to all four (4) counts of the Criminal Information.

The Honorable U.S. District Court Judge Garrett E. Brown entered a Judgement and Commitment Order sentencing the Defendant to 46 months on each of Counts One and Two, and 3 months on Count Three, all to be served concurrently. The Judge stated in the Commitment Order that the "Guideline Range determined by the Court was Offense Level 22, Criminal History Category two for an imprisonment range of 37 - 46 months". [Judgement & Commitment-Statement of Reasons] (This is not correct in that according to the Sentencing Table Level 22, Category 2 is a sentence range of 46 -57 months).

-1-

## GROUND ONE

### THE DEFENDANTS 5th AND 6th AMENDMENT RIGHT TO TRIAL BY JURY AND PROOF BEYOND A REASONABLE DOUBT WERE VIOLATED AT SENTENCING AND SUCH VIOLATION RENDERS SENTENCE UNCONSTITUTIONAL

The Defendants base level for sentencing calculation is 6 points as all Counts come under guideline § 2F1.1. At sentencing the Defendants base level was increased by 17 points for various enhancements.

On June 24, 2004 the United States Supreme Court spoke in Blakley v.Washington 542 U.S.____ (2004) and applied the rule expressed in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000):

> "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt".

Blakely went on to state:

> "Our precedents make clear, however, that the statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the Defendant. Ring[v.Arizona 536 U.S. 584,] 602... In other words, the relevent "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the juries verdict alone does not allow [...] the judge exceeds his proper authority.

In the instant case the court increased the base offense of 6 by 13 levels based on a loss amount greater that 2.5 million and less than 5 million, USSG § 2F1.1(b)(1)(n); the Court then found the Defendant to have been a leader or organizer of the criminal conduct and increased by an additional 2 points, USSG § 3B1.1(c); finally the Court determined the Defendant held a position of trust and added 2 more points, USSG § 3B1.3. This brought the gross offense level to 23. The Court then awarded a 3 level reduction for Defendant's acceptance of responsibility leaving a net offense level of 20. (It should be noted the Judge stated the Defendant was sentenced at level 22 in the Judgement and Commitment Order. This plain error will be addressed in the 2nd Basis below).

The charging information fails to charge the Defendant with a loss amount between 2.5 million and 5 million dollars. The information refers to number of investors and amounts invested, but fails to reflect any claim as to the amount of loss. (The fact that the information suggests nearly 6 million was invested and the judge found a loss under 5 million clearly proves the amount invested is not correlational to the amount of actual or <u>intended</u> loss). [my emphasis]

The charging information fails to charge the Defendant with being a leader of a criminal enterprise, nor with using a position of trust or special skill to commit a crime. These are not charged in the charging document because they could not be proven to a jury beyond a reasonable doubt.

The challenge of enchancements under the USSG is not new or novel and <u>Blakley</u> is not the first to chip away at this

issue. Many Judges have conceded that many enhancements are flatly unconstitutional. See <u>Haddad</u> 10F3d at 1262 N.2 citing <u>United States v. Gallowen</u> 943 F2d 897, rehearing en banc, 976 F2d 414(1992) cert denied 113 S.Ct 1420, <u>U.S. v. Clark</u> 792 F Supp 637 (E.D. Ark.) 1992, as Haddad stated:

"these enhancements are nothing more or less than crimes and as such, trigger the requirements of the 5th & 6th Amendments to the [U.S.C]onstitution[,] requiring separate indictment by a grand jury, criminal trial quality due process, the right of confrontation, trial by jury and proof beyond a reasonable doubt....leadership enhancements must be a separate crime. A crime is any act or conduct, the proof of which will subject a person to lawful imprisonment and to a deprivation of his or her liberty for a period of months or years and without the proof of which that person may not be imprisoned". <u>Haddad</u> Supra.

This same doctrine was propounded in <u>Apprendi</u>;

"if a statute annexes a higher degree of punishment based on certain circumstances; exposing a Defendant to their higher degree of punishment requires that those circumstances be charged in the indictment and proved beyond a reasonable doubt". <u>Apprendi</u> Supra, quoting, J. Archibold, Pleading and Evidence in Criminal Cases 51 (15ed 1862).

The government will doubtless argue that certain inclusions in the executed plea agreement are in fact admissions of the conduct underlying the enhancements but the Defendant strongly disagrees.

The plea agreement on the surface appears to be somewhat, "Apprendized" to the extent that it includes a "Schedule A" which

-4-

ennumerates certain stipulations that the Defendant was "an organizer, leader, manager, or supervisor of the relevant criminal activity". It also states the Defendant "abused a position of trust and used a special skill..." All of these stipulations are "subject to the conditions in the attached plea agreement".

A close review of the plea agreement reveals that the "stipulations" are not pleadings or admissions of guilt, but rather are more or less suggestions without any form of binding effect. The plea agreement states:

"The sentence to be imposed upon Anthony Aliotta is within the sole discreation of the sentencing judge. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Anthony Aliotta, or as to what sentence Anthony Aliotta ultimately will receive". [Plea Agreement pg.3] Clearly the "Stipulations" have no binding affect on the sentencing judge, who <u>may</u> make independent factual findings and <u>may</u> reject and or all of the stipulations entered into by the parties". [Plea Agreement pg.4]

The issue here is the <u>fact</u> that the judge <u>must</u>, not <u>may</u>, make each independent finding. This is what must occur under the USSG, and herein is the critical issue. Under the Guidelines the Court is instructed to find the sentencing facts to a civil, perpondurance standard of proof and that flies in the face of the "beyond a reasonable doubt" standard which is required by <u>Apprendi</u> Supra, <u>Ring</u> Supra and now <u>Blakely</u> supra.

Again these concepts are neither new nor novel, but

-5-

rather reflect "two longstanding tenets of common-law criminal jurispurdence: that the truth of every accusation against a Defendant should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors. 4W. Blackstone, commentaries on the Laws of England 343 (1769), and that an accusation which lacks any particular fact which the law makes essential to the punishment is... no accusation in reason. 1 J. Bishop, Criminal Procedure § 87 p. 55 (2d ed 1872)." Blakely Supra at 5.

The "stipulations" of the Defendant are not admission of guilt and the Defendant's sentence is based solely on the sentencing Judge's findings. Whether the stipulations guided or even suggested the final findings or whether the Judge never considered them is irrevlant; the reality is the Judge could not constitutionally reach the findings as such power is reserved for a Jury, and equally clear would be the requisite duty for such findings to be concluded beyond a reasonable doubt.

In this matter the Defendant pled guilty to 3 counts each of which had a Base Offense Level of 6, and all of which must be grouped together for sentencing pursuant to USSG § 3D1.2. Applying the level 6 to Criminal History Category II, (which later will be shown to be wrong), the resulting sentence range would be 1 to 7 months, far less than what has already been served.

Since the Supreme Court spoke in Blakely there has been some confusion with some jurists finding the Federal Sentencing Guidelines unconstitutional. See: U.S. v. Croxford 2004, WL

-6-

1521560 at 7,B (D.Utah 7/7/04); U.S. v. Shamblin 2004 WL 1468561 at 8(S.D.W.Va) 6/3/2004 the Defendant does not concur with these holdings.

This Defendant has no position on the constitutionality of the Guidelines, but rather believes the whole meaning of Blakely to be a challenge to how and by whom findings are made to which Guidelines apply.

"The issue in Blakely was not sentencing discretion--it was the authority of the sentencing Judge to find the facts that determine how that discretion shall be implemented and to do so on the basis of only the civil burden of proof". U.S. v. Booker 2004 WL 1535858 (7th Cir.Wis.)

There is only one corrective approach to this Defendant's illegal sentence and that is to eliminate all of the Courts findings, since clearly the Court can no longer so find. This will leave only the sentencing range for the base offense level of 6 which would produce a sentencing range of 1 to 7 months.

Blakely v. Washington supra, announces a new substantive Rule of Constitutional Law retroactive to cases on Collateral Review. The question of retroactivity is one sweeping the Courts, and yet is already established by ample precedent.

The Defendant concedes that were Blakely merely a new procedural rule it would not be retroactive. Teague v. Lane 489 U.S. 288, 103 L.ED 2d 334. Blakely cannot be considered procedural as it fundamentally alters what and how, and to what standard of proof the Government must prove each and every aspect of the crimes which must be included in the indictment.

<u>Blakely</u> announced "a watershed rule of criminal procedure implecating the fundamental fainess and accuracy of the criminal proceeding". <u>Staffle v. Parks</u> 494 US 484 at 495 (quoting Teague 489 US 288, at 311).

The Defendant is before this Court because the manner and means and standards used to determine the length of his sentence have been deamed unconstitutional and this ruling and precedent were not available to the Defendant at the time of sentence, the Defendant prays for an order re-sentencing him according to the standards handed down in <u>Blakely</u>.

### GROUND TWO

#### THE SENTENCING COURT MADE A PLAIN ERROR IN CALCULATING DEFENDANTS CRIMINAL HISTORY CATEGORY

The Defendant's Pre Sentencing report correctly assigned 3 criminal history points because of a prior conviction, however the PSR incorrectly added 2 criminal history points under a belief that the Defendant was under some form of criminal supervision at the time he committed the instant offense. This meant that the Court assumed the Defendant to be in Category III instead of Categroy II which would have been correct since the Defendant was <u>not</u> under any supervision at that time.

To compound the issue paragraph 28 of the PSR recommended that the Court depart downward one criminal history category for the Defendant's assistance to the Government. The Court complied and moved the Defendant from Category III to Category II. Had the Court used the correct history category of II, the departure would have resulted in Category I being used for sentencing. The Defendant pray the Court to correct his obvious error at re-sentencing.

-8-

## GROUND THREE

### THE SENTENCING COURT
### ERRED IN THE OFFENSE LEVEL CALCULATION

As mentioned previously the Court in its Statement of Reasons portion of the Judgement and Commitment Order states it sentenced the Defendant to an Offense Level of 22, Criminal History Category II which by the Sentencing Table would produce a Sentencing Range of 46 to 57 months, and would indicate that the ultimate sentence of 46 months was at the low end of the guidelines which is customary when Defendant's have received a downward departure for assistnace as the Defendant had.

The Court however erred in its addition of the Offense Level. The accurate offense level should have been calculated as follows;

| | | |
|---|---|---|
| Base Offense Level | 2F1.1 | = + 6 |
| Amount (2.5mil - 5 mil) | 2F1.1(b)(i)(n) | = +13 |
| Leader Organizes | 3B1.1(c) | = + 2 |
| Special Skill | 3B1.3 | = + 2 |
| GROSS TOTAL | | +23 |
| Less Acceptance | | - 3 |
| **Total Offense Level** | | **+20** |

The calculation of offense level 20 concurs with the plea agreement and would produce a guideline sentencing range of 37 to 46 months. In as much as the Defendant was already sentenced to the low end of the guidelines his proper sentence would have been <u>37 months</u>. The Defendant moves to have his sentence corrected to comport with the proper guideline range.

### GROUND FOUR

**THE ORDER OF RESTITUTION VIOLATED THE DEFENDANTS
5th AND 6th AMENDMENT RIGHT TO DUE PROCESS
BY LAW AND JURY TRIAL**

The Defendant moves to have the order of restitution set aside and vacted as the amount of loss was improperly determined by the Court and not by a reasonable doubt standard. The Defendant restates all of the material in Ground One as though it was set forth herein. In as much as the restitution is a part of the sentence and requires a finding of fact as to the amount the tenents of Blakely Supra apply.

### GROUND FIVE

**SENTENCE VIOLATES DEFENDANT'S 8th AMENDMENT
PROTECTION AGAINST CRUEL AND UNUSUAL PUNISHMENT**

The Defendant is 70 years old and suffers from numerous serious medical conditions which are well documented at the Federal Medical Center in Lexington, Ky. The Defendant can show that the quality of health care provided at this facility is woefully lacking, and as such places his life at risk. USSG 5H1.4 provides that in the case of serious medical conditions, home confinement is often less expensive and equally effective as a form of incarceration.

The Defendant respectfully moves to change the conditions of his confinement to home confinement so the Defendant can obtain proper medical care at his own expense.

The Defendant, Anthony Aliotta, pro se, prays this Court for an order to resentence him in accordance with the procedures, policies and corrections as set forth herein and for the appointing of legal representation in the prosecution of this motion in accordance with the Criminal Justice Act.

The Defendant further seeks any and all other relief to which he may be otherwise entitled.

Further, the Defendant saith naught.

August 1, 2004

*Anthony Aliotta*
Anthony Aliotta
Reg. No. 38992-054
Federal Medical Center
P.O. Box 14500
Lexington, Ky 40512

### Certificate of Service

I, Anthony ALiotta do hereby certify that pursuant to 28 foll.2255 Rule 3(A) I have filed an original and two true and exact copies of this motion under 28 USC §2255 with the Clerk of the U.S. District Court, District of New Jersey, 402 East State St., Trenton, New Jersey 08608, this _3_ day of August, 2004. I understand the Clerk will serve the United States pursuant to 28 foll. 2255 Rule 3(B).

*Anthony Aliotta*
Anthony Aliotta
Reg. No. 38992-054
Federal Medical Center
P.O. Box 14500
Lexington, Ky 40512

7000 0600 0023 6239 9672

Anthony Allotta
3992-054
Federal Medical Center
P.O. Box 14500
Lexington, Ky. 40152

AUG

Clerk of Court
United States District Court
District of New Jersey
402 E. State Street
Trenton, New Jersey 08608