NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ANTHONY ALIOTTA, *pro se*, | : | |
| | : | |
| Petitioner, | : | |
| | : | Civ. No. 04-3783 (GEB) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

**BROWN, District Judge**

This matter comes before the Court upon the motion of *pro se* Petitioner, Anthony Aliotta ("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to FED. R. CIV. P. 78, and for the reasons set forth in this Memorandum Opinion, will dismiss Petitioner's motion.

**I.    BACKGROUND**

On January 29, 2001, Petitioner was indicted on charges of mail fraud, wire fraud, and conspiracy to commit mail, wire and securities fraud. Petitioner pled guilty to four counts of the criminal indictment and entered into a written plea agreement with the Government on September 19, 2001. See Petitioner's Brief at 1. The agreement stipulated that Petitioner was an organizer of the criminal activity, used a special skill, and abused a position of trust. See id. at 4-5. This Court received the guilty plea and entered judgment against the Petitioner. Following the

1

Federal Sentencing Guidelines, this Court sentenced Petitioner to a concurrent sentence of forty-six (46) months in prison on June 3, 2002.  See Petition at 1.

On August 3, 2004, Petitioner moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Petitioner argues that this Court improperly enhanced his sentence on the basis of facts neither submitted to a jury nor proven beyond a reasonable doubt, in violation of the United States Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004).  Petitioner also argues that this Court erred in calculating his criminal history category and Total Offense Level.  Finally, Petitioner challenges his terms of confinement and this Court's restitution order.

**II.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for motions to vacate, set aside or correct a sentence pursuant to Section 2255.  See 28 U.S.C. § 2255 (2005); Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).  Federal prisoners must file a habeas petition within one year of either "(1) the date on which the judgment of conviction becomes final; [or] . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 (2005).  Petitioner filed his motion on August 3, 2004, more than two years after this Court's imposition of sentence.  Therefore, Petitioner's motion is timely only if he can benefit from the retroactive application of a newly-recognized constitutional right.

Petitioner argues that his motion should be considered timely because Blakely announced a new constitutional rule that should be given retroactive application.  In Blakely, the Supreme

2

Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S. Ct. at 2536 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). However, Blakely expressed no opinion on the constitutionality of the Federal Sentencing Guidelines. See Blakely, 124 S. Ct. at 2538 n.9. As the Government points out, Petitioner really asserts his claim pursuant to the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005), in which the Court applied the Blakely and Apprendi holdings to the Guidelines. See Booker, 125 S. Ct. at 755-756.

However, Petitioner's motion cannot succeed because the rule announced in Booker does not apply retroactively to cases on collateral review. In Lloyd, the Third Circuit held that the Booker rule does not apply retroactively because it is not a "watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." See Lloyd, 407 F.3d at 613-614 (internal citation omitted) (finding that every court of appeals to consider the issue has held that Booker did not create a "watershed rule" to be applied retroactively).

Here, Petitioner pled guilty and waived his right to a jury trial and direct appellate review. This Court's judgment became final with the imposition of sentence on June 3, 2002. Because Petitioner's conviction became final before the decision in Booker, the rule announced in Booker cannot be applied to grant Petitioner's requested relief. Accordingly, the petition falls outside the one-year statute of limitations created by the AEDPA, and the Court must deny Petitioner's motion.

Petitioner raises four other grounds for correcting his sentence. Petitioner argues that this

Court erred in its sentencing calculations. Petitioner also requests a change in both the restitution order and in the terms of his confinement. However, Petitioner's arguments fail to compensate for a petition submitted outside the one-year period of limitations. See 28 U.S.C. § 2255 (2005). Petitioner does not identify any new constitutional right that could be applied retroactively to correct his sentence on collateral review. Because Petitioner fails to demonstrate that the one-year period of limitations should run from a point other than the date this Court entered judgment and sentenced him, Petitioner's August 3, 2004 request for habeas relief does not comply with the AEDPA and must be denied as untimely.

### III.   CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and the Petition is dismissed with prejudice. An appropriate form of order accompanies this Memorandum Opinion.


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.